IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
03/02/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

JEMAR AHTON MASON,           )
                             )
            Petitioner,      )
                             )
       v.                    )   Case No. 25-3198-JWL
                             )
Warden, FCI-Ashland,         )
                             )
            Respondent.      )
                             )
_____)

# MEMORANDUM AND ORDER

Petitioner filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges the calculation of credits against his sentence. By Memorandum and Order of December 19, 2025, the Court denied all claims in the petition with the exception of a single claim relating to credit for prior custody, which the Court retained under advisement to allow for additional briefing. *See Mason v. Warden, FCI-Ashland*, 2025 WL 3687332 (D. Kan. Dec. 19, 2025) (Lungstrum, J.). Respondent filed a supplemental brief, but petitioner failed to file a supplemental reply by the Court's deadline of February 17, 2026; accordingly, petitioner's final claim is ripe for ruling. The Court now rules that petitioner has not established that he is entitled to additional credit for prior custody time, and the petition is therefore **denied** in its entirety.

In its prior opinion, the Court noted that the Bureau of Prisons (BOP) had applied 250 days of prior custody credit, covering the period from December 1, 2020, through July

8, 2021, and the period from August 11, 2022, through September 9, 2022. *See id.* at *1. The Court then considered petitioner's claim for additional credit as follows:

> [P]etitioner claims that he has not been granted the proper amount of credit for time spent in custody prior to sentencing pursuant to 18 U.S.C. § 3585(b). *See id.* (a defendant shall be given credit for time spent in detention prior to the commencement of the sentence that has not been credited against another sentence). Respondent has submitted the evidence described above, which shows that petitioner has been given credit for 250 days in custody prior to his sentencing. A custody report submitted by respondent shows that petitioner was in custody during those two periods of time for which he was given 250 days of credit. Petitioner argues, however, that he should also be given credit for the period from September 9, 2022, through December 20, 2022 (the date of sentencing). Respondent has not addressed why petitioner was not given credit for that period. As petitioner notes, that same custody report indicates that although petitioner was briefly "out" of custody on bond on September 9, 2022, his custody status for the period following September 9, 2022, was "in", with the notation "Remanded – Judge Ordered." Thus, it appears from the evidence submitted by respondent that petitioner was in custody during that period. Respondent has not suggested any reason why petitioner should not receive credit under Section 3585(b) for all time spent in custody prior to his sentencing; thus, it further appears that petitioner should be given credit for that period.
>
> Accordingly, because respondent has not addressed this precise issue, the Court will retain under advisement this specific claim regarding petitioner's prior custody credit.

*See id.* at *2.

In response to this order, respondent has submitted records from petitioner's criminal case showing that the custody report was incorrect with respect to petitioner's status between September 9, 2022, and December 20, 2022, and that petitioner was in fact out on bond during that period. That evidence is persuasive and has not been disputed by petitioner. Accordingly, the Court concludes that petitioner has not shown that the BOP

has violated federal law in refusing to grant petitioner additional credit for prior custody time, and the Court therefore denies petitioner's remaining claim.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **denied** in its entirety.

IT IS SO ORDERED.

Dated this 2nd day of March, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge